# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO SERRANO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER R. WITTIK, | : | |
| CATASQUQUA POLICE DEPT., JAMES | : | |
| T. ANTHONY, Judge for Lehigh County | : | |
| Jail, SIX LEHIGH COUNTY SHERIFFS, | : | |
| LEHIGH COUNTY COURTHOUSE and | : | |
| MATTHEW SEAN FAULK, D.A., | : | |
| Lehigh Co. DA's Office | : | NO. 20-4583 |

## MEMORANDUM

**Savage, J.**                                                                                              **February 5, 2021**

Antonio Serrano, an inmate at SCI-Camp Hill, brings this action pursuant to 42 U.S.C. § 1983.  He has named as defendants Christopher R. Wittik, a police detective in the Catasauqua[1] Police Department;[2] James T. Anthony, a Judge of the Court of Common Pleas of Lehigh County;[3] six "Lehigh County Sheriffs"; the Lehigh County Courthouse;[4] and Matthew Sean Faulk, a Lehigh County Assistant District Attorney.

---

[1]  Incorrectly entered on the docket as "Catasququa".

[2]  The Catasauqua Police Department appears on the docket as a separate defendant.  Apparently, Serrano listed it as a means of identifying Wittik's employer.  Therefore, we shall order it stricken as a defendant. Even if Serrano had intended to sue the department, it would be dismissed as a defendant because a police department, as a mere sub-unit of the municipality, may not be liable under 42 U.S.C. § 1983.  *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).

[3]  Sometimes referred to as "Anthony T. James" in the complaint.

[4]  The Lehigh County Courthouse has also been named as a separate defendant on the docket.  Here, too, it appears that Serrano listed it for the purpose of identifying the place of employment of the Six Lehigh County Sheriffs and did not intend it to be a named defendant.  In any event, the Lehigh County Courthouse is not a person for purposes of § 1983 liability.  *See Elansari v. United States*, Civ. A. No. 15-01461, 2016 WL 4415012, at *5 n.9 (M.D. Pa. July 11, 2016); *Devenshire v. Kwidis*, Civ. A. No. 15-1026, 2016 WL

Serrano seeks leave to proceed *in forma pauperis*. Because it appears he is not capable of paying the fees to commence this civil action, we shall grant him leave to proceed *in forma pauperis*. For the following reasons, we shall dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### *Factual Allegations*

Serrano asserts that on January 14, 2019, he was taken from a Lehigh County courtroom and forced to submit to DNA swab tests by Wittik and six Lehigh County Sheriffs.[5] He asserts that these acts violated his rights under the Fourth and Fourteenth Amendments.[6] Serrano alleges that he was "found guilty of [the charges in his criminal case] only because the force of DNA was illegally conducted by these individuals."[7] He also alleges that he now faces an "illegal" sentence "because these named individuals took it upon themselves to commit an injustice."[8] As relief, Serrano seeks a court-appointed attorney to "properly argue" his case, vacation of his sentence, a new trial, and/or a dismissal of all charges.[9]

Publicly available records show that Wittik arrested Serrano on July 6, 2018 on charges of forcible rape, aggravated indecent assault without consent, making terroristic

---

4032881, at *3 (W.D. Pa. June 28, 2016); *Robinson v. Mercer Cty. Courthouse*, Civ. A. No. 12-4114, 2012 WL 4662967, at *3 (D.N.J. Oct. 1, 2012); *Bucano v. Sibum*, Civ. A. No. 12-0606, 2012 WL 2395553, at *11 (M.D. Pa. Apr. 23, 2012); *Brinton v. Delaware Cty. Adult Paroles/Probation Dep't*, Civ. A. No. 88-3656, 1988 WL 99681, at *1 (E.D. Pa. Sept. 22, 1988). Hence, we shall order it stricken from the docket.

[5] Compl. at 4 (Doc. No. 2). We adopt the pagination supplied by the Court's CM/ECF docketing system.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

2

threats, and indecent assault.[10]  The criminal docket reflects that on January 4, 2019, Assistant District Attorney Faulk filed a motion to compel DNA extraction.  On January 14, 2019 Judge Anthony granted the motion at a hearing at which Serrano was represented by counsel.[11]

Six months later, on June 26, 2019, a jury found Serrano guilty on all charges.[12]  On July 20, 2020, he was sentenced.[13]  Serrano's post-verdict motions were denied on August 20 and September 11, 2020.

## STANDARD OF REVIEW

In determining whether a complaint fails to state a claim under § 1915(e), a court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  The complaint must contain sufficient facts which, accepted as true, show that the plaintiff is entitled to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Serrano is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## DISCUSSION

### *Claim Against Judge James T. Anthony*

Judge Anthony is protected by absolute judicial immunity.  His acts were performed in the course of judicial proceedings and in his judicial capacity.

---

[10] *See Commonwealth v. Serrano*, CP-39-CR-0003675-2018 (C.P. Lehigh).

[11] *Id.*

[12] *Id.*

[13] *Id.*

3

Judges enjoy absolute immunity for judicial acts performed in cases over which they have jurisdiction. *Gallas, v. Sup. Ct. of Pa.*, 211 F.3d 760, 768-69 (3d Cir. 2000); *Feingold v. Hill*, 521 A.2d 33, 36 (Pa. Super. Ct. 1987). Even legal or factual error, personal malice, or the performance of an act in excess of jurisdiction will not remove the cloak of judicial immunity. *Gallas*, 211 F.3d at 769; *Feingold*, 521 A.2d at 36.

The protection of judicial immunity is lost only when a judge performs a non-judicial act or acts in "complete absence of all jurisdiction." *Gallas*, 211 F.3d at 768-69 (citations omitted); *Feingold*, 521 A.2d at 36. Evaluating whether a judge has acted in complete absence of all jurisdiction focuses on the nature of the act and the expectations of the parties. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). The *Stump* Court discussed the distinction between the lack of, rather than excess, jurisdiction with the following examples:

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Id.* at 357 n.7 (citing *Bradley v. Fisher*, 80 U.S. 335, 352 (1871)). Judicial acts are distinguished from mere administrative acts. *Gallas*, 211 F.3d at 769-70; *see also Forrester v. White*, 484 U.S. 219, 229 (1988) (holding that a judge was acting in an administrative capacity, rather than his judicial capacity, in terminating a subordinate court employee).

Serrano alleges that Judge Anthony violated his rights when he ordered him to submit to a DNA swab. This allegation describes judicial acts performed during court

4

proceedings. Therefore, because Judge Anthony is absolutely immune from suit, we shall dismiss the complaint against him.

### *Claim Against Defendant Faulk*

Prosecutors enjoy absolute immunity from liability for actions taken in judicial proceedings. *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (citations omitted) (citing *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994)). This means activities conducted in court, such as presenting evidence or legal arguments. *Giuffre*, 31 F.3d at 1251 (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))). The protection extends to activities outside the courtroom that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430). Thus, absolute immunity attaches to the prosecutor's decision to initiate a prosecution. *Id.* (citing *Imbler*, 424 U.S. at 424).

Administrative or investigative actions are only protected by qualified immunity, *Van de Kamp*, 555 U.S. at 342 (citing *Imbler*, 424 U.S. at 431, n.33), unless they relate directly to the conduct of a criminal trial. *Schneyder v. Smith*, 653 F.3d 313, 334 (3d Cir. 2011). A prosecutor's behavior that is totally unrelated to the prosecutorial role or exceeds the scope of his authority is not protected by absolute immunity. *Kulwicki*, 969 F.2d at 1463-64 (citing *Rose v. Bartle*, 871 F.2d 331, 346 (3d Cir. 1989)).

In determining whether the prosecutor's activity is covered by absolute immunity, we take into account what function he was performing. *Van de Kamp*, 555 U.S. at 342 (citation omitted). This inquiry requires us to analyze the conduct forming the basis for the plaintiff's cause of action. *Schneyder*, 653 F.3d at 332 (citation omitted). The test is

whether the actions clearly serve the prosecutorial function.  If they do, the prosecutor is entitled to absolute immunity.

Faulk enjoys absolute immunity from any claims arising from his decision to prosecute Serrano.  *Van de Kamp*, 555 U.S. at 341; *see also Giuffre*, 31 F.3d at 1252 ("The decision to initiate a prosecution is at the core of a prosecutor's role.") (quoting *Kulwicki*, 969 F.2d at 1463-64) (citation omitted).  The decision to bring charges and to prosecute the case in court, including presentation of the evidence and witnesses, are clearly within the prosecutorial function.  *See Kalina v. Fletcher*, 522 U.S. 118, 125-26 (1997); *Imbler*, 424 U.S. at 431.  So does the presentation of a motion in furtherance of the prosecution fall within the prosecutorial function.  Thus, the claim against Faulk will be dismissed.

### *Claims Against All Defendants*

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff is barred from bringing a claim pursuant to 42 U.S.C. § 1983 if a judgment in his favor would demonstrate or imply the invalidity of a criminal conviction.  *Id.* at 486-87.  *See also, Torres v. Fauver*, 292 F.3d 141, 147 (3d Cir. 2002).  The purpose of the *Heck* doctrine is to promote the "finality and consistency" of criminal investigations by avoiding "parallel litigation" and "the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at 484-85 (citations omitted).

To determine whether a claim is barred by *Heck*, we engage in a two-part inquiry.  We first determine whether the plaintiff's conviction has been overturned or invalidated.  *Id.* at 486-87.  If so, the inquiry ends and the claim is not barred.  If not, we ask "whether

a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.  If it would, the claim is barred.

Because Serrano has not alleged that his conviction has been reversed or invalidated, we must determine whether success on his § 1983 claims would implicitly invalidate his convictions.  As we have stated, Serrano cannot establish that the criminal proceeding ended in his favor.  *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2002).

Serrano is seeking the reversal of his conviction and a new trial.  For a federal court to grant him relief would require it to invalidate the state court conviction. It cannot do so.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Therefore, we shall dismiss Serrano's claims against all defendants.[14]

---

[14] "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]") (footnote and citation omitted).